

11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
(516) 233-1660
www.LiebowitzLawFirm.com

December 6, 2019

**VIA ECF**

Honorable Staci M. Yandle, U.S.D.J.
United States District Court
Southern District of Illinois (East St. Louis)
750 Missouri Ave.
East St. Louis, IL 62201

Re:  *Craig PopMatters Media, Inc.,* 3:18-cv-01713 (SMY-SCW)

Dear Judge Yandle:

      We represent Plaintiff Glen Craig ("Plaintiff") in the above-referenced matter and write to respectfully request that the Court terminate the motion filed at Docket #10 (the "Fees Motion") or, in the alternative, to set a briefing schedule.

      As grounds to terminate the Fees Motion, Plaintiff respectfully submits that on December 18, 2018, Chief Judge Michael J. Reagan ordered this case closed and dismissed under Rule 41(a)(1)(A) [Docket # 9].  Pursuant to Rule 54(d)(2)(B)(i), any motion for attorneys' fees needed to be filed on or before January 1, 2019.  However, Defendant did not file its Fees Motion until over eleven months later on November 4, 2019. [Dkt. # 10]

      Defendant's Fees Motion, which is premised on the notion that it was adjudged a "prevailing party" in a <u>separate action</u> filed in the Northern District of Illinois, is not only untimely, it is also improperly before this Court.  "A suit that is voluntarily dismissed under Rule 41(a) generally is treated as if it had never been filed." *Nelson v. Napolitano*, 657 F.3d 586, 587–88 (7th Cir. 2011)*; see also Robinson v. Willow Glen Acad.,* 895 F.2d 1168, 1169 (7th Cir.1990) (the effect of a voluntary dismissal is to turn back the clock; it is as if the plaintiff's lawsuit had never been brought); *Szabo Food Serv., Inc. v. Canteen Corp.,* 823 F.2d 1073, 1078 (7th Cir.1987) (explaining that a Rule 41(a) "dismissal terminates the case all by itself").

      Here, Defendant was <u>not</u> declared a prevailing party in this Court because the complaint was dismissed without prejudice under Rule 41(a)(1)(A) [Dkt. #9]  *See Polaris Images Corp. v. Cable News Network, Inc.*, 365 F. Supp. 3d 340, 343 (S.D.N.Y. 2019) (rejecting CNN's argument that it was a prevailing party for the purposes of the attorneys' fees provision of the Copyright Act where plaintiff filed a Rule 41(a)(1)(A) dismissal); *see also Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114–15 (2d Cir. 2009) (holding that voluntary dismissal is not sanctionable even if the plaintiff dismissed the case "to flee the jurisdiction or the judge").



Liebowitz Law Firm, PLLC

      Accordingly, the Fees Motion is not properly before this Court and should be terminated. To the extent Defendant seeks to recover its attorneys' fees in connection with an action brought in the Northern District of Illinois, it should direct its Fees Motion to the Northern District of Illinois (thus far, it has not done so).

      In the event the Court finds that the Fee Motion is both timely and properly before the Court, then Plaintiff respectfully requests that the Court set a briefing schedule for the motion at Docket # 10.

      Respectfully Submitted,

      LIEBOWITZ LAW FIRM

      **By: /richardliebowitz/**
      Richard Liebowitz
      11 Sunrise Plaza, Suite 305
      Valley Stream, NY 11580
      (516) 233-1660

      *Counsel for Plaintiff Glen Craig*