**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| GLEN CRAIG, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 3:18-cv-01713-SMY-SCW |
| | ) | |
| v. | ) | **DEFENDANT'S REPLY IN SUPPORT OF ITS** |
| | ) | **MOTION FOR AN AWARD OF ATTORNEY'S** |
| POPMATTERS MEDIA, INC., | ) | **FEES UNDER 17 U.S.C. § 505 AND 28 U.S.C.** |
| | ) | **§ 1927** |
| Defendant. | ) | |

Defendant PopMatters Media, Inc. ("PopMatters"), in further support of its motion for attorney's fees (Doc. 10), respectfully submits this reply to the response letter (Doc. 13) filed by Plaintiff Glen Craig ("Craig"). The letter's misleading arguments and improper requests for delay give rise to exceptional circumstances that justify this reply under Local Rule 7.1(c).

**I.      PopMatters' Fee Motion Is Timely.**

Craig's argument that the fee motion was untimely fails to address or dispute the effect of the two-dismissal rule. A fee motion two weeks after he dismissed this action would have been premature because, as he notes, a first voluntary dismissal does not confer prevailing-party status under Rule 41(a)(1). But a second "notice of dismissal operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B). It is "with prejudice." *CFE Grp., LLC v. FirstMerit Bank, N.A.*, 809 F.3d 346, 351 n. 1 (7th Cir. 2015); *Dvorak v. Granite Creel GP Flexcap I, LLC*, 908 F.3d 248, 249 (7th Cir. 2018). So PopMatters became the prevailing party when Craig renewed suit in the Northern District of Illinois and then dismissed, yet again, on Saturday, October 19, 2019. Doc. 10-12, 10-14. The second notice converted the dismissal to one with prejudice.

Judgment entered in that Court on October 21, 2019. Doc. 10-15. PopMatters timely filed its fee motion in this Court on Monday, November 4, 2019, within 14 days after the entry of judgment. Fed. R. Civ. P. 54(d)(2)(B)(i). Even if the 14-day period were calculated from the Saturday notice of dismissal, the motion was still timely, because it was filed on the first Monday after that 14-day period. Fed. R. Civ. P. 6(a)(1)(C). See Doc. 10 p. 10.

1

**II.     PopMatters' Fee Motion Is Properly Before This Court.**

Craig does not dispute that PopMatters became the prevailing party in this action upon the second dismissal. His point that the Court had not "declared" PopMatters the prevailing party ten months earlier, upon his first voluntary dismissal in December 2018, is irrelevant. Doc. 13 p. 1. Such a declaration then would have been premature. And because his second dismissal notice automatically operated as judgment with prejudice, no such declaration was ever necessary.

Craig cites inapposite precedents that give no grounds to deny that the fee motion is properly before the Court. He relies on five cases that all concern the effect of a single voluntary dismissal, without prejudice, under Rule 41(a). *Id.* That limited effect does not pertain when the same claim is voluntarily dismissed twice. "If the plaintiff invokes Rule 41(a)(1) a second time for an 'action based on or including the same claim,' the action must be dismissed with prejudice." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 394 (1990). Having rebuffed Craig's claim, PopMatters is the prevailing party in both actions because neither action can be revived. "There is no question that a dismissal with prejudice makes the defendant the prevailing party for purposes of an award of attorney's fees under § 505." *Mostly Memories, Inc. v. For Your Ease Only, Inc.*, 526 F.3d 1093, 1099 (7th Cir. 2008) (citing *Claiborne v. Wisdom*, 414 F.3d 715, 719 (7th Cir. 2005)). Once prejudice attached, PopMatters was authorized to seek its fees under the Copyright Act in both actions.

Moreover, Craig fails to identify any case holding that a voluntary dismissal precludes the Court imposing sanctions under 28 U.S.C. § 1927 or its inherent authority, bases that do not require either prevailing-party status or a fourteen-day filing period. "[N]othing in the language of Rule 41(a)(1)[(A)](i), Rule 11, or other statute or Federal Rule terminates a district court's authority to impose sanctions after such a dismissal." *Cooter & Gell*, 496 U.S. at 395. See *Lightspeed Media Corp. v. Smith*, 761 F.3d 699, 707-08 (7th Cir. 2014) (affirming Section 1927 sanctions against plaintiff's counsel upon motions filed seven months after notice of dismissal). In these circumstances PopMatters was reasonable in seeking sanctions once prejudice attached.

### III.  Craig's Response Offers No Substantive Opposition to the Fee Motion.

All of PopMatters' time incurred in this action is properly compensable.[1] Craig does not dispute the issue. He cavils that a defendant does not prevail upon a single voluntary dismissal, but he does not deny that his second dismissal had that effect. And he does not dispute that so long as PopMatters is now the prevailing party, awarding its attorney's fees would be a proper exercise of the Court's discretion. In this unreasonable case, that is not subject to reasonable dispute. Craig has made no attempt to counter any of PopMatters' evidence that:

- Though more than forty years after *Zygote* magazine folded, Craig obtained a copyright registration in his own name for the photograph at issue, it was part of a commissioned series taken as work-for-hire for *Zygote*, so Craig lacked standing to sue.

- The copyright registration that Craig claimed as the basis of suit was also invalid (as his counsel later admitted, it was "incorrect") because it covered a collection of unpublished photographs, though Legacy had published the photograph before registration.

- Craig's license to Legacy expressly allowed it to further license publicity uses by media outlets, and PopMatters made licensed, non-infringing editorial use of the photograph thereunder.

- Craig brought this action against the Chicago-based PopMatters though his counsel, America's most prolific and most sanctioned copyright litigant, knew that this venue was not proper and had been repeatedly castigated by courts for disregarding the same issue.

- Though Craig demanded $25,000 to settle this action, Getty Images' pricing tool sets $154 as a benchmark rate for licensing comparable photographs, and his $5,000 license to Legacy allowed broader use of the photograph and twelve others, or just $384.62 each.

- Craig postponed his voluntary dismissal of this action for months, forcing PopMatters to incur pointless expenses preparing an extensive motion to dismiss detailing the lack of personal jurisdiction, improper venue, failure to state a claim, and failure to prosecute.

- Without rectifying his complaint's substantive flaws, Craig renewed suit in the Northern District of Illinois, demanded $10,000 to settle the second action, and again voluntarily dismissed it the day after PopMatters entered its appearance and filed its first motion.

---

[1] PopMatters regrets that it has discovered two calculation errors in its fee motion filings. As the individual entries in its time records reflect, counsel worked 61.2 hours on this action during its pendency in 2018, not 60.2 hours as stated; and 28.2 hours preparing the fee motion and supporting documents, not 29.2 hours as stated. Doc. 10-18. See Doc. 10 p. 20, Doc. 10-1 ¶ 35. The two errors cancel each other out and result in no change to the total amount sought.

Doc. 10 pp. 1-6 & 12-18. Craig does not contend that these frivolous claims and bad faith tactics constitute anything short of vexatious litigation and warrant anything but a full award. He does not try to counter PopMatters' showing that it reasonably incurred all of its fees in this action and that its counsel's time expended and billing rate were both reasonable. *Id.* pp. 19-20.

**IV.     Craig's Response Provides No Basis to Deny an Award in this Court.**

Without basis, Craig suggests that PopMatters' recovery should be limited to the fees it incurred in the second action, to be sought only in the Northern District of Illinois. Doc. 13 p. 2. PopMatters is separately pursuing such recovery in that court.[2] Unless otherwise required, it seeks from this Court only the fees incurred while the case was pending in this Court, and on its fee motion. Doc. 10 p. 20. Craig and his counsel forced PopMatters to incur needless fees in this action, hoping to thereby extort an unjustifiable settlement. They may not evade those fees simply because they extended the case to a second court and imposed more such fees elsewhere.

Craig's suggestion that recovery should only come in the second action is duplicitous. He has intimated that, in that action, he will argue the opposite point: that no fees PopMatters incurred in the Northern District of Illinois should be awarded because of the fees it incurred, and seeks to recover, in this Court. See ECF No. 21-4 p. 2, *Craig v. PopMatters Media, Inc.*, No. 19-cv-5596 (N.D. Ill. filed Dec. 6, 2019) (November 27, 2019 letter from Craig's counsel contending erroneously that "defense counsel failed to perform any work in the Northern District that wasn't already performed in the Southern District action"). Craig cannot have it both ways. He may not play the courts against each other to escape liability for this abusive litigation.

PopMatters does not seek any duplication. Granting each of its fee motions would serve the aligned purposes of 17 U.S.C. § 505, 28 U.S.C. § 1927, and Rule 41. Should this Court find

---

[2] Craig's note that PopMatters has not filed its fee motion in the second action is disingenuous. *Id*. Pursuant to N.D. Ill. Local Rule 54.3, that parallel fee motion is not due until January 26, 2020. PopMatters has conferred extensively with Craig prior to filing. See ECF No. 21, *Craig v. PopMatters Media, Inc.*, No. 19-cv-5596 (N.D. Ill. filed Dec. 6, 2019) (motion for instructions on how to proceed under Local Rule 54.3 in light of Craig's deficient pre-motion disclosures).

it in the interest of conserving judicial resources and curbing two-faced arguments that both motions be considered by one court, and deny the pending motion without prejudice, PopMatters would then pursue all fees incurred in the case by a consolidated fee motion in the Northern District of Illinois. See *id.*, ECF No. 21-2 & ECF No. 21-6 pp. 3-4 (N.D. Ill. filed Dec. 6, 2019). Otherwise, the parallel motion practice is an unfortunate by-product of Craig and his counsel's multiplication of the case across two courts, for which they must ultimately bear the burden.

**V.      Craig's Response Does Not Justify More Time to Formulate a Stronger Response.**

The fee motion was filed November 4, 2019. Doc. 10. Craig had 14 days to respond. Local Rule 7.1(g) (untimely response may be found to admit the motion's merits). He moved for an extension of time to respond. Doc. 12. After more than a month, without awaiting the Court's authorization, Craig at last responded on December 6, 2019, with a short letter barely touching the substance of PopMatters' arguments. Doc. 13. Under the circumstances, his closing request that the Court set a new "briefing schedule" for the fee motion cannot be credited. *Id.* p. 2. Craig offers no support for the request and no explanation why he could not have responded fully and timely. "A request for attorney's fees should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). He has protracted resolution of this frivolous suit for more than a year. He should not be permitted to extend the toll taken on PopMatters any longer.

**VI.     Conclusion.**

Wherefore PopMatters respectfully renews its request for all relief requested in its motion for attorney's fees and requests that the Court deny all relief sought in Craig's letter in response.

Dated: December 9, 2019                    Respectfully submitted,

/ s /  Dan Booth
Dan Booth
Dan Booth Law LLC
60 Thoreau Street #121
Concord, MA 01742
dan@danboothlaw.com

*Counsel for Defendant PopMatters Media, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this December 9, 2019, the foregoing reply brief, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be served via first-class mail to any identified non-registered participants for whom a mailing address is provided.

/ s /  Dan Booth