UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
(EAST ST. LOUIS)

GLEN CRAIG

                            Plaintiff,

  - against –

POPMATTERS MEDIA, INC.

                            Defendant.

Docket No. 3:18-cv-01713 (SMY)

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND SANCTIONS**

**INTRODUCTION**

Plaintiff Glen Craig ("Plaintiff" or "Craig"), via counsel, respectfully submits this memorandum of law in opposition to Defendant PopMatters Media, Inc.'s ("Defendant" or "PopMatters") motion for attorneys' fees and sanctions. [Dkt. #10] For the following reasons, the Court should DENY that motion in its entirety.

First, although Defendant ultimately became a "prevailing party" in the subsequently filed Northern District action, it cannot be deemed a "prevailing party" here because: (a) the Court did not enter any ruling in this action which was dismissed "without prejudice"; and (b) Plaintiff's second voluntary dismissal only effectuated a ruling on the merits of the Northern District action and did not impact the procedural or substantive disposition of this action.

Plaintiff had an unfettered right to dismiss this action under Rule 41(a), and has been charged with liability in the Northern District Action to pay Defendant's fees relating to his subsequent voluntary dismissal. Accordingly, he should not be compelled to pay *twice*.

Second, Defendant has failed to show that Plaintiff's counsel acted in bad faith, and therefore the request for sanctions should be denied. Contrary to Defendant's representations, the Court had general personal jurisdiction over Defendant as a result of Defendant's incorporation in the State of Illinois. Further, Plaintiff's choice of venue was entitled to substantial deference and cannot be disturbed absent a showing by Defendant that any third-party witnesses would be inconvenienced by proceeding to trial in this District.

Third, Dan Booth's time entries are grossly hyper-inflated and duplicative.

# PROCEDURAL BACKGROUND

- On September 11, 2018, Plaintiff filed a single count action for copyright infringement against Defendant, a for-profit business organized under the laws of the State of Illinois with its headquarters in Illinois. [Dkt. #1]

- On December 17, 2018, before Defendant entered a notice of appearance in the case, Plaintiff filed a notice of voluntary dismissal under Rule 41(a)(1)(A)(i) without prejudice. [Dkt. # 8]

- On December 18, 2018, the Court entered an Order on the voluntary dismissal, indicating that "dismissal is available to the Plaintiff" because no answer had been filed, and stating that the Court need take no further action." [Dkt. #9]

- On August 19, 2019, Plaintiff initiated a related action in the Northern District of Illinois, in *Craig v. PopMatters Media, Inc.,* 19-cv-5596 (N.D. Ill).

- On October 19, 2019, Plaintiff filed a second voluntary dismissal of the action in the Northern District of Illinois.

- On November 4, 2019, Defendant filed a motion for attorneys' fees and sanctions in this action, seeking about $25,000 in attorneys' fees even though it never entered a notice of appearance while this action was pending. [Dkt. #10]

- On December 6, 2019, Plaintiff filed a 1.5 page "Objection" arguing that Defendant's motion was untimely and that it was not properly before this Court. [Dkt. # 13] Plaintiff also asked the Court to set a briefing schedule on Defendant's motion for fees and sanctions if the Court determined that the motion was proper. [*Id.*]

- On April 28, 2020, Defendant filed a motion for leave to file supplemental authorities, attaching an order from Hon. Ronald A. Guzman, United States District

Judge of the Northern District of Illinois, in *Craig v. PopMatters Media, Inc.,* 19-cv-5596 (N.D. Ill) awarding $24,040.45 in attorneys fees' under 17 U.S.C. 505 as a result of Plaintiff's second voluntary dismissal. Judge Guzman declined to sanction Plaintiff's counsel. Moreover, Judge Guzman noted that defense counsel Dan Booth's time submissions were "excessive", that Booth attempted to get credit for time allegedly billed in the Southern District case, that his filings were "needlessly lengthy", and ultimately reduced Booth's submissions by 1/3. [Dkt. #18-1]

### ARGUMENT

**POINT I:** **DEFENDANT IS NOT A "PREVAILING PARTY" IN THIS ACTION UNDER SECTION 505 OF THE COPYRIGHT ACT**

Without citing any authority, Defendant claims that it is entitled to recover fees in this action under section 505 of the Copyright Act as a result of Plaintiff's voluntary dismissal of a second, related action in the Northern District of Illinois. But this particular action was dismissed without prejudice and no further judicial action was taken. Accordingly, Defendant cannot be deemed a "prevailing party" in the instant case.

Defendant seeks its attorneys' fees and costs under section 505 of the Copyright Act which provides:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505.

Under controlling U.S. Supreme Court law, Defendant is not the "prevailing party" in this action. *See Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health*

*& Human Res.,* 532 U.S. 598, 600 (2001) (holding that in order to be considered a prevailing party for purposes of federal fee shifting statutes, a party must "secure a judgment on the merits or a court-ordered consent decree"); *see also Chambers v. Time Warner, Inc.,* 279 F.Supp.2d 362, 365 n. 4 (S.D.N.Y.2003) ("Although *Buckhannon* concerned the fee-shifting provisions of the Fair Housing Amendments Act of 1988 and the Americans with Disability [sic] Act of 1990, it is clear that *Buckhannon* applies with equal force to the fee-shifting provision of the Copyright Act.").

Based on *Buckhannon,* it is well-established that a copyright defendant does not become a "prevailing party" pursuant to section 505 where a voluntary dismissal of an infringement claim has been filed *without* prejudice under Rule 41(a)(1). *See, e.g., Polaris Images Corp. v. ENTtech Media Grp. LLC*, No. 19 CIV. 8208 (KPF), 2020 WL 2904865, at *2 (S.D.N.Y. June 3, 2020) (denying motion for attorneys fees under Copyright Act after Rule 41(a)(1) dismissal because "a voluntary dismissal without prejudice involves neither a judicial sanction, because it is a unilateral action taken by the plaintiff without involvement from the court, nor a change in the legal relationship of the parties, because the plaintiff is free to resurrect her claim if she so wishes"); *Manhattan Review LLC v. Hun*, No. 16 CIV 0102 (LAK), 2017 WL 11455317 (S.D.N.Y. Sept. 21, 2017) (to be eligible for fees under the Copyright Act, "a litigant must have 'achieved a judicially sanctioned change in the legal relationship of the parties, via a judgment on the merits or a court-ordered consent decree'") (quoting *Mr. L. v. Sloan*, 449 F.3d 405, 407 (2d Cir. 2006) (citing *Buckhannon*); *Polaris Images Corp. v. Cable News Network, Inc.,* 365 F. Supp. 3d 340, 343 (S.D.N.Y. 2019) ("the relevant alteration of the parties' legal relationship occurred without the Court's involvement when Polaris filed its voluntary

5

dismissal. Hence that alteration was not the sort of 'judicially sanctioned change' that constitutes a precondition to prevailing-party status."); *Megna v. Biocomp Labs. Inc.*, 225 F. Supp. 3d 222, 224–25 (S.D.N.Y. 2016) (a judicial determination is necessary in order for the defendant to qualify as prevailing party for the purposes of § 505); *Magder v. Lee*, No. 14 CIV. 8461 JFK, 2015 WL 4887551, at *2 (S.D.N.Y. Aug. 17, 2015) (under section 505 of the Copyright Act, "a dismissal without prejudice is not a change in the legal relationship between the parties because plaintiff can still bring the claim again"); *TRF Music Inc. v. Alan Ett Music Grp., LLC*, No. 06 CIV. 0349 (PKC), 2006 WL 1376931, at *1 (S.D.N.Y. May 18, 2006) (rejecting defendants' argument they were "prevailing parties" under 17 U.S.C. § 505 by nature of plaintiff having voluntarily dismissed the action without prejudice prior to defendants filing an answer or moving against the complaint); *Szafarczyk v. Digital Art Solutions, Inc.*, 2003 WL 21297293 (S.D.N.Y. June 4, 2003) (alleged copyright infringer was not "prevailing party" entitled to attorneys' fees under Copyright Act, when alleged owner of copyright voluntarily withdrew suit, due to ability to raise claim in a related proceeding); [1]

---

[1] *Accord Interscope Records v. Leadbetter*, 312 F. App'x 50, 52 (9th Cir. 2009) (under section 505, "a dismissal without prejudice does not constitute a material alteration in litigants' legal relationship as it leaves the plaintiff able to re-file his claims"); *Cadkin v. Loose*, 569 F.3d 1142, 1144–45 (9th Cir. 2009) ("Because the plaintiffs in this lawsuit remained free to refile their copyright claims against the defendants in federal court following their voluntary dismissal of the complaint, we hold the defendants are not prevailing parties and thus not entitled to the attorney's fees the district court awarded them"); *Best Indus., Inc. v. CIS BIO Int'l,* Nos. 97–1217, 97–1412, 1998 WL 39383, *4 (4th Cir. Feb. 2, 1998) ("when a defendant remains at risk of another suit on the same claim, he can hardly be considered to be in the same position as a defendant who no longer faces the claim due to a dismissal with prejudice."). *Conway v. Licata*, 144 F. Supp. 3d 212, 216 (D. Mass. 2015) (under section 505, "a dismissal without prejudice is not a judgment on the merits").

Here, the record shows that Plaintiff voluntarily dismissed his infringement claim "<u>without prejudice</u>" prior to Defendant's filing of an answer to the complaint. [Dkt. #8] Since Defendant had not yet answered, Plaintiff was entitled to do so as of right under Rule 41(a)(1), without seeking leave of Court. *TRF Music Inc.*, 2006 WL 1376931, at *2. "The voluntary dismissal 'lacks the judicial *imprimatur*' to render defendants prevailing parties [under the Copyright Act]. *Id.* (citing *Buckhannon,* 532 U.S. at 605).

The Court noted that Plaintiff's notice of dismissal "effected the dismissal of this suit, without prejudice." [Dkt #9] The fact that Plaintiff subsequently dismissed a related case a second time in a separate judicial district [N.D. Ill.] does not impact or otherwise vitiate the procedural disposition in this case, which shows that Plaintiff's Rule 41(a)(1) dismissal was properly effectuated *without* prejudice in this particular case. [Dkt. #9]

In short, Defendant has failed to cite a single case – in this Circuit or beyond – where a federal court has declared an infringement defendant a "prevailing party" after a Rule 41(a) voluntary dismissal *without* prejudice. For that reason alone, Defendant's motion for fees under section 505 of the Copyright Act must be denied.

**POINT II:** **SANCTIONS ARE UNWARRANTED BECAUSE DEFENDANT FAILED TO SHOW THAT PLAINTIFF OR HIS COUNSEL ACTED IN BAD FAITH OR WITH AN IMPROPER PURPOSE**

For voluntarily dismissing the action under Rule 41, Defendant misguidedly asks the Court to impose sanctions against Plaintiff and/or its counsel pursuant to § 1927 as well as the Court's inherent powers. The Supreme Court admonishes lower courts to use these highly potent powers sparingly. The highest court urges a cautious approach coupled "with restraint and discretion." *United States v.I Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 948 F.2d 1338, 1345 (2d Cir.

1991) (*quoting Chambers v. NA SCO, Inc.*, 501 U.S. 32, 44, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)); *see also Flaherty v. Filardi*, No. 03CIV2167(LTS)(HBP), 2008 WL 4200577, at *4 (S.D.N.Y. Sept. 12, 2008), *aff'd,* No. 03CIV.2167(LTSHBP), 2009 WL 749570 (S.D.N.Y. Mar. 20, 2009), *aff'd,* 460 F. App'x 66 (2d Cir. 2012).

Courts require "clear evidence that the challenged actions are entirely without color, and [are taken] for reasons of harassment or delay or for other improper purposes" before a fee award under the bad-faith exception may be imposed. *Revson v. Cinque & Cinque, P.C.,* 221 F.3d 59, 78 (2d Cir. 2000).

A. **NEITHER PLAINTIFF NOR HIS COUNSEL SHOULD BE SANCTIONED FOR EXERCISING AN "UNFETTERED RIGHT" TO VOLUNTARILY DISMISS THE ACTION UNDER RULE 41(A)(1)**

The core of Defendant's sanctions argument is that Plaintiff should be required to pay Defendant's fees for doing that which the Federal Rules expressly permit: voluntarily dismissing the case under Rule 41.

"A suit that is voluntarily dismissed under Rule 41(a) generally is treated as if it had never been filed." *Nelson v. Napolitano*, 657 F.3d 586, 587– 88 (7th Cir. 2011)*; see also Robinson v. Willow Glen Acad.,* 895 F.2d 1168, 1169 (7th Cir.1990) (the effect of a voluntary dismissal is to turn back the clock; it is as if the plaintiff's lawsuit had never been brought); *Szabo Food Serv., Inc. v. Canteen Corp.,* 823 F.2d 1073, 1078 (7th Cir.1987) (explaining that a Rule 41(a) "dismissal terminates the case all by itself").

Indeed, a plaintiff has an "unfettered right" to unilaterally dismiss a case for any reason (or no reason at all) under Rule 41. Thus, the act of filing a notice of voluntary dismissal, in and of itself, should not be penalized. *See Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114–15 (2d Cir. 2009). The Second Circuit ruled as follows:

> With regard to the Rule 41 dismissal, a plaintiff who has not been served with an answer or motion for summary judgment has an "unfettered right voluntarily and unilaterally to dismiss an action." *Thorp v. Scarne,* 599 F.2d 1169, 1175 (2d Cir.1979). Dismissal of a suit may be disruptive and annoying, but it is permitted by the rules: [P]laintiffs tend to dismiss actions that do not look promising while defendants generally want to obtain an adjudication on the merits in precisely the same cases. **[But as] long as the plaintiff has brought himself within the requirements of Rule 41, his reasons for wanting to do so are not for us to judge.** *Id.* at 1177 n. 10.
>
> It follows that Dorsey was entitled to file a valid Rule 41 notice of voluntary dismissal for any reason, and the fact that it did so to flee the jurisdiction or the judge does not make the filing sanctionable. Accordingly, because the district court made no finding that Dorsey acted in bad faith in voluntarily dismissing the case under Rule 41, and because Dorsey was entitled by law to dismiss the case, the district court's sanction against Dorsey for filing the voluntary dismissal must be reversed.

*Wolters*, 564 F.3d at 114–15 (boldface added); *Polaris Images Corp. v. Cable News Network, Inc.,* 365 F. Supp. 3d 340, 342 (S.D.N.Y. 2019).Indeed, in a similar case involving Polaris and a Dolezal photograph, Judge Marrero relied on *Wolters* noting: "The Court agrees with Polaris that Rule 41 of the Federal Rules of Civil Procedure gave it an 'unfettered right' to dismiss the Complaint because CNN had not yet answered or moved for summary judgment."

Defendant's failure to file an answer was <u>its own strategic litigation decision</u>. In fairness, the Court should not reward Defendant for its gamesmanship or for its failure to understand the import of its own strategic decisions. Had Defendant wanted to cut-off Plaintiff's right to voluntarily dismiss, then it should filed a notice of appearance via counsel and responded to the complaint by filing an answer.

**B. THE COURT HAD PERSONAL JURISDICTION OVER DEFENDANT AND PLAINTIFF'S CHOICE OF VENUE WAS JUSTIFIED**

Defendant also argues that Plaintiff or his counsel should be sanctioned for filing suit in a Court that allegedly lacks personal jurisdiction over Defendant. Defendant's

9

argument to sanction Mr. Liebowitz largely rests on Plaintiff's election to initially file suit in the Southern District of Illinois (rather than the Northern District).

However, since 2014, the Supreme Court has held that courts have general jurisdiction over companies which are organized under the laws of the State where the district court sits. *Daimler AG v. Bauman*, 571 U.S. 117, 134 S.Ct. 746, 187 L.Ed. 2d 624 (2014) ("With respect to a corporation, the place of incorporation and principal place of business are "paradig[m] ... bases for general jurisdiction.") (citation omitted).

Here, there is no dispute that Defendant was organized under the laws of the State of Illinois. Accordingly, all three district courts in the State of Illinois (i.e., Central District of Illinois, Northern District of Illinois and Southern District of Illinois) have personal jurisdiction over PopMatters. Defendant has failed to cite any authority to the contrary and instead relied on obsolete cases which were over-ruled by *Daimler*.

Venue was also proper. Section 1400(a) provides that a copyright action "may be instituted in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). A defendant " 'may be found' wherever that person is amenable to personal jurisdiction." *Cavu Releasing, LLC. v. Fries*, 419 F. Supp. 2d 388, 393–94 (S.D.N.Y. 2005). Moreover, "venue is proper in a judicial district where the corporate defendant is subject to personal jurisdiction at the time the action is commenced. *Capitol Records, LLC,* 611 F. Supp. 2d at 365. *See also* 28 U.S.C. § 1391(b)(1) (for a corporate defendant, venue lies in "a judicial in which any defendant resides" which under § 1392(c)(2) is in "any judicial district in which such defendant is subject to the court's personal jurisdiction.").

A plaintiff's choice of forum is accorded "great weight." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 107 (2d Cir. 2006). "[U]nless the balance is strongly in favor of

10

the defendant, the plaintiff's choice of forum should rarely be disturbed." *Ford Motor Co. v. Ryan*, 182 F.2d 329, 330 (2d Cir. 1950). "Even foreign plaintiffs . . . are entitled to some deference in their choice of forum where it was motivated by legitimate reasons." *Tomita Technologies USA, LLC v. Nintendo Co. Ltd.,* 818 F.Supp.2d 770, 772 (S.D.N.Y. 2011) (Rakoff, J) (*citing Biglio v Coca-Cola Co.*, 448 F.3d 176, 179 (2d Cir. 2006)).

Further, the "availability of appropriate legal assistance" is a legitimate reason for choosing a forum, to which the Court should defer. *Id.*; *see also Medien Patent Verwaltung AG v. Warner Bros. Entm't, Inc.*, 749 F.Supp.2d 188, 191 (S.D.N.Y. 2010) ("[plaintiff] has articulated several legitimate reasons for selecting the Southern District of New York, including … the location of its preferred counsel.").

Here, Plaintiff choose the Southern District of Illinois as his venue of choice, in part due to the availability of his counsel, Liebowitz Law Firm ("LLF"), which has prosecuted over 2400 copyright infringement actions based on unauthorized use of photographs and therefore has experience in the applicable field of law. Plaintiff, an individual of modest means, did not want to hire two attorneys to prosecute a straight forward infringement suit, as that would increase the out-pocket costs of representation. Such economic concerns are perfectly valid and neither Defendant nor the Court has shown why Plaintiff's choice of forum should not be entitled to "great weight" and deference.

Indeed, Plaintiff's choice of venue is entitled to substantial deference and cannot be disturbed absent a showing by Defendant that any third-party witnesses would be inconvenienced by proceeding to trial in this District. *Aquatic Amusement Associates, Ltd. v. Walt Disney World*, 734 Supp. 54, 57 (N.D.N.Y. 1990) ("Although the

convenience of party witnesses is worthy of consideration, the convenience of non-party witnesses is a more important factor."); see also Haig, Robert L., BUSINESS AND COMMERCIAL LITIGATION IN FEDERAL COURTS (Third) § 3:45, p. 281. Fn. 11 ("It is generally assumed that a corporate party can arrange for its employees to testify at trial (wherever held), so greater focus is placed on non-party witnesses.")

To satisfy its burden, Defendant <u>must</u> identify the names of potential non-party witnesses who would be unavailable to testify in East St. Louis. Yet, Defendant has failed to identify *any* non-party witnesses; nor can it.

Moreover, in the Digital Age, with limited exceptions, litigation work is conducted remotely or virtually so challenges to venue are now largely driven by perceived tactical advantage, rather than by the actual convenience of parties and witnesses. If the question revolves around New York versus California, then convenience of venue is material. But Defendant's convenience argument is confined to two districts within the identical State and therefore carries little weight. Defendant has merely argued that its corporate agents would be inconvenienced by having to travel 5 hours to the courthouse in the unlikely event of a trial in this action. In contrast, Plaintiff would have needed to the courthouse by airplane from his abode in New York - but Plaintiff never once complained about inconvenience.

In short, Plaintiff's election to file in Southern District of Illinois, rather than Northern, in order to save the time, energy and costs of retaining a second lawyer up North is a *perfectly legitimate reason* to select Southern District as his choice of venue.

**<u>POINT III</u>: DAN BOOTH'S TIME ENTRIES ARE GROSSLY EXCESSIVE AND DUPLICATIVE, THEREBY WARRANTING A REDUCTION**

On April 28, 2020, Defendant filed a motion for leave to file supplemental authorities, attaching an order entered by Hon. Ronald A. Guzman, United States District Judge of the Northern District of Illinois, in *Craig v. PopMatters Media, Inc.,* 19-cv-5596 (N.D. Ill) awarding $24,040.45 in attorneys fees' under 17 U.S.C. § 505 as a result of Plaintiff's second voluntary dismissal. Judge Guzman declined to sanction Plaintiff's counsel.

Moreover, Judge Guzman noted that defense counsel Dan Booth's time submissions were "excessive", that Booth attempted to get credit for time allegedly billed in this Southern District case, that Booth's filings were "needlessly lengthy". Judge Guzman ultimately reduced Booth's submissions by 1/3. [Dkt. #18-1]

Here, Booth has again submitted grossly excessive and duplicative time entries. [Dkt. #10-18] Despite never bothering to enter a notice of appearance in this case before it was dismissed, Booth claims to have expended 60.2 hours from September 18, 2018 through December 17, 2018. [Dkt. #10-18] Such hours were allegedly spent on reviewing documents, conducting legal research and sending/receiving e-mails. The 60.2 hours alleged billed by Booth is hyper-inflated and does not warrant credit. At most, Booth should be credited for six (6) hours of billable time, which is about 10% of what he seeks.

Furthermore, Booth claims to have billed 29.2 hours to drafting his motion for fees and sanctions. [Dkt. #10-18] But this motion is wholly duplicative of the motion he later filed in the Northern District of Illinois, where he claims to have spent 26.8 additional hours drafting the substantially identical motion. In equity, Booth cannot be permitted to "double dip" by charging thousands of dollars to "cut-and-paste" his brief from a related case.

13

## **CONCLUSION**

Based on the foregoing, the Court should DENY Defendant's motion for attorneys' fees and sanctions.

        Respectfully submitted,

        LIEBOWITZ LAW FIRM, PLLC

        **s/richardliebowitz/**
        Richard Liebowitz, Esq.
        11 Sunrise Plaza, Ste. 305
        Valley Stream, NY 11580
        (516) 233-1660
        RL@LiebowitzLawFirm.com

        *Counsel for Plaintiff Glen Craig*