IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GLEN CRAIG, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 3:18-cv-01713-SMY |
| | ) | |
| v. | ) | **DEFENDANT POPMATTERS MEDIA,** |
| | ) | **INC.'S NOTICE OF SUPPLEMENTAL** |
| POPMATTERS MEDIA, INC., | ) | **AUTHORITIES** |
| | ) | |
| Defendant. | ) | Leave to file granted 6/18/2020 (Doc. 21) |
| | ) | |

Defendant PopMatters Media, Inc. ("PopMatters") hereby files the recent decisions in *Craig v. PopMatters Media, Inc.*, No. 19 C 5596 (N.D. Ill. Mar. 23, 2020) and *Dragon Intellectual Property, LLC v. Dish Network LLC*, No. 2019-1283, 956 F.3d 1358 (Fed. Cir. Apr. 21, 2020) as supplemental authorities.

On the verge of PopMatters' motion to dismiss, Plaintiff Glen Craig ("Craig") dismissed this copyright infringement action himself, refiled it in the Northern District, then dismissed again. See Doc. 8, 10, 10-12, 10-14. The second dismissal was with prejudice under the "two-dismissal" rule, and as the prevailing party under the Copyright Act, PopMatters moved for and was awarded attorney's fees incurred in the later action. See Doc. 14 p. 4. The fee order noted:

> Defendant has presented persuasive evidence and argument that it has substantial defenses to plaintiff's copyright claim—that defendant's use was licensed and that plaintiff's photograph was a work made for hire—and that plaintiff's motivation in filing this action was to obtain proceeds from a settlement rather than to protect against infringing use of his copyright. … Plaintiff's dismissal of this case [the later action] appears to have been an effort to avoid paying fees for the first action and/or to avoid a decision on the merits.

PopMatters' fees incurred in this first action have not been assessed as yet. See Doc. 10. Craig's counsel denied that the result of the later action conferred prevailing party status in this action. See Doc. 13 p. 1 ("Defendant's Fee Motion … is premised on the notion that it was adjudged a 'prevailing party' in a separate action filed in the Northern District of Illinois").

1

*Dragon* is persuasive authority supporting the principle that prevailing party status can result from a later, separate proceeding. The Federal Circuit held that defendants in a patent infringement case were eligible for fees in the district court, though they had prevailed in a later forum (the Patent Trial and Appeal Board, on *inter partes* review). See *Dragon*, 956 F.3d at 1360-61. After the Board invalidated the asserted patent claims, the district court vacated an earlier judgment of non-infringement and denied fees. *Id*. The Federal Circuit reversed the denial, reiterating that prevailing party status did not require "actual relief on the merits," and found it erroneous to deny fees merely because the defendants achieved their "success in a different forum." *Id*. What mattered was that the defendants had "successfully rebuffed [plaintiff's] attempt to alter the parties' legal relationship in an infringement suit." *Id*. at 1361 (citing *B.E. Tech., LLC v. Facebook, Inc.*, 940 F.3d 675, 679 (Fed. Cir. 2019)).

Wherefore, and for the reasons previously stated in its prior filings (Doc. 10 & 14) and the declarations and exhibits filed in support thereof, PopMatters respectfully renews its request for an award of its attorney's fees under 17 U.S.C. §§ 505.

Dated: June 22, 2020                                        Respectfully submitted,

/ s /  Dan Booth
Dan Booth
Dan Booth Law LLC
60 Thoreau Street #121
Concord, MA 01742
dan@danboothlaw.com

*Counsel for Defendant PopMatters Media, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this June 22, 2020, the foregoing notice and its exhibits (A and B), filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/ s /  Dan Booth