IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GLEN CRAIG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18-CV-1713-SMY |
| ) | |
| POPMATTERS MEDIA, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This case is before the Court for consideration of Defendant PopMatters Media, Inc.'s Motion for Attorney Fees (Doc. 10). Plaintiff Glen Craig filed an objection (Doc. 13) to which PopMatters replied (Doc. 14) and provided supplemental authority (Doc. 22).[1] The undersigned conducted a hearing on the matter on July 21, 2020 (Doc. 30).

## Background

Glen Craig filed this copyright infringement action pursuant to the Copyright Act, 17 U.S.C. § 501, *et seq.*, on September 11, 2018, alleging that PopMatters reproduced and displayed a copyrighted photograph of artist Miles Davis on its website without his permission (Doc. 1). After being served, but prior to answering the Complaint, PopMatters offered to settle the case for $800. Negotiations fell through after Craig demanded $25,000 (Doc. 10-1, pp. 3-4). Thereafter, PopMatters informed Craig that this Court lacked personal jurisdiction and that venue was improper because PopMatters' principal place of business is in Chicago, Illinois (*Id*. 4). Craig

---

[1] "Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Attorneys' Fees and Sanctions" (Doc. 19) was filed on June 11, 2020. Whether Counsel intended to file this document as a memorandum in support of his objection (Doc. 13) or a sur-reply brief, it is either untimely or improper and is hereby **STRICKEN**. *See* Local Rule 7.1(c). PopMatters' unnecessary and lengthy reply (Doc. 20) is also **STRICKEN**.

then attempted, unsuccessfully, to transfer this matter to the District Court for the Northern District of Illinois via email on October 8, 2018 (Doc. 10-9). PopMatters notified Craig that his email to the Court was insufficient and that it would be filing a motion to dismiss for lack of personal jurisdiction and venue if Craig did not move to transfer this matter. PopMatters claims that after receiving no response, its counsel spent 15.5 hours preparing a motion to dismiss. On December 17, 2018, before the motion was filed, Craig filed a notice to voluntarily dismiss this case without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A) (Doc. 8). This case was closed the following day (Doc. 9).

On August 19, 2019, Craig filed a Complaint in the District Court for the Northern District of Illinois, asserting the same claims involved in this case. *Glen Craig v. PopMatters Media, Inc.*, 19-cv-5596 (N.D. Ill.) (hereinafter "NDIL case"). In response, PopMatters filed a Motion for Costs and Stay of Proceedings pursuant to Rule 41(d). Craig filed a notice of voluntary dismissal the next day, and the case was dismissed on October 21, 2019. Following dismissal, PopMatters sought attorney fees in the NDIL case as the prevailing party pursuant to the Copyright Act, 17 U.S.C. § 505, and 28 U.S.C. § 1927. In a March 23, 2020 Order, District Judge Ronald A. Guzman granted PopMatters' motion in part and awarded it $24,040.45 in attorney fees and $150.00 in costs as a prevailing party pursuant to the Copyright Act; he did not reach the issue of whether PopMatters was entitled to sanctions under § 1927.[2]

PopMatters subsequently filed the instant motion, claiming 89.4 hours of work at a rate of $425.00 an hour and seeking $37,995.00 in attorney fees. On July 15, 2020, Craig filed a *pro se* letter with the Court, claiming that his attorney, Richard Liebowitz, filed this lawsuit without his

---

[2] Judge Guzman observed that PopMatter's fee request was excessive and noted that its filings were "needlessly lengthy," offered case authority of marginal utility, and that counsel spent excessive time on simple tasks (Doc. 22-1, p. 3).

knowledge or consent (Doc. 23). In response, Liebowitz filed an affidavit with attached email correspondence, claiming Craig authorized the filing of this lawsuit (Doc. 25).

## Discussion

PopMatters seeks attorney's fees and costs as a prevailing party under the Copyright Act which provides that "[i]n any civil action [for federal copyright infringement], the court in its discretion may allow the recovery of full costs by or against any party . . . . [T]he court may also award reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. However, its reliance on *CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S.Ct. 1642 (2016), for the proposition that it need not receive a favorable ruling to be considered a prevailing party, is misplaced. While the Supreme Court did ultimately find that "a defendant need not obtain a favorable judgment on the merits in order to be a 'prevailing party,'" significantly, it also noted that "the court's final judgment rejects the plaintiff's claim for a nonmerits reason." *Id*. 1651. This, it is clear from an examination of the entire opinion that a *judicial ruling* is necessary for prevailing party status.

Here, there was no judicial ruling, merits based or otherwise – the case was dismissed by operation of Rule 41(a)(1)(A)(i). Because this case was dismissed without prejudice, PopMatters is not a "prevailing party" and is not entitled to fees and costs under the Act. *See Narkiewizc-Laine v. Doyle*, 930 F.3d 897, 906 (7th Cir. 2019) ("[A] litigant is deemed to have prevailed when he obtains a material alteration of the legal relationship of the parties – in other words, a judgment in his favor." (quotation marks and citations omitted)).

In the alternative, PopMatters seeks sanctions against Craig pursuant to the Court's inherent authority to protect against abuses of the judicial process and 28 U.S.C. § 1927, which provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Sanctions imposed pursuant to the Court's inherent authority must be supported by a finding of willful conduct. *Ramirez v. T&H Lemont, Incorporated*, 845 F.3d 772, 776 (7th Cir. 2016) ("Any sanctions imposed pursuant to the court's inherent authority must be premised on a finding that the culpable party willfully abused the judicial process otherwise conducted the litigation in bad faith."). In either case, this Court finds that the imposition of sanctions is warranted.

Plaintiff's Counsel, Liebowitz, has engaged in a troubling pattern of filing similar lawsuits, seeking exorbitant settlements, and then voluntarily dismissing them in order to avoid sanctions and costs.[3] As PopMatters correctly points out, in the absence of any good faith belief that this Court had personal jurisdiction, he "dithered and took months to withdraw" and attempted to transfer this case in a wholly ineffectual and improper manner (Doc. 10, p. 12). This lawsuit was frivolous from its inception, was filed in the wrong court, and languished here because of Liebowitz's clear and intentional abuse of the judicial process.

But Liebowitz does not stand alone. During the hearing, the Court placed Plaintiff Glen Craig under oath and examined him regarding a letter he submitted to the Court disclaiming knowledge of and participation in this case. His testimony was far from credible. He evaded the Court's questions, and his answers were blatantly disingenuous. While he claimed not to remember receiving an email in which Liebowitz informed him of the filing of this case and that

---

[3] Liebowitz has filed at least 6 lawsuits in this District claiming copyright infringement that were voluntarily dismissed. *Stridiron v. The India Tribune of Chicago, Inc.*, 10-cv-1732-NJR-RJD; *Yang v. Blackdoctor, Inc.*, 18-cv-1733-SMY; *Ward v. Consequence Holdings, LLC*, 18-cv-1734-NJR-MAB; *Sadowski v. Block Communications, Inc.*, 10-cv-2015-JPG (dismissed for lack of personal jurisdiction after plaintiff failed to respond to motion to dismiss); *Geerds v. TreeTop Wealth Management, LLC*, 19-cv-335-JPG-MAB (where plaintiff filed a notice of voluntary dismissal *after* case had been transferred)

the first time he saw the email was two weeks before the hearing (Doc. 30 pg, 24 lines 8-22), his inclusion on the related email chain belies his testimony (Docs. 25-1 through 25-4).  Thus, in an attempt to avoid liability for attorney's fees, Craig also willingly abused the judicial process.

This is not Liebowitz and Daniel Booth's (PopMatter's counsel) first rodeo in this District. Chief Judge Nancy J. Rosenstengel sanctioned Liebowitz $20,000 in *Ward v. Consequence Holdings, LLC*, 18-cv-1734-NJR-MAB, accurately observing that "Liebowitz may be an example of the worst kind of lawyering" (Doc. 39). She further noted that Booth, Consequence Holdings, LLC's attorney in that case, has a contentious history with Liebowitz and that his filings and fee requests should also be viewed with some skepticism.  The undersigned followed her suggestion in that regard.

As evidenced by a comparison of the "Statements of Account for Professional Services Rendered" submitted to both the Northern District and this Court, Booth clearing submitted overlapping billing.  Consequently, Judge Guzman awarded him attorney's fees for at least some of the same work he is claiming in this case.  Moreover, Booth's representation that he began working on this case in September 2018 is suspicious at best.  He did not enter an appearance until November 4, 2019 – almost 11 months after the voluntary dismissal and order closing this case were docketed.

In sum, there is plenty bad faith, abuse of judicial process and culpability to go around in this case.

## Conclusion

For the foregoing reasons, Defendant's Motion for an Award of Attorney's Fees and Sanctions (Doc. 10) is **GRANTED in part**.  Based on its inherent authority, the Court **SANCTIONS** Richard Liebowitz and his law firm in the amount of **$10,000**, and Plaintiff Glen

Craig in the amount of **$500**. Of this amount, $8,000 shall be paid to the Court; $2,500 in fees is awarded to PopMatters.

Within **30 days** of this Order, Liebowitz and the Liebowitz Law Firm, jointly and severally, shall pay monetary sanctions to the Court (payable to the Clerk of the United States District Court, Southern District of Illinois) in the amount of **$8,000** and fees to PopMatters in the amount of **$2,500**. PopMatters shall file proof of payment within one week of receipt.

Plaintiff Glen Craig shall pay monetary sanctions in the amount of **$500** to the Court within **30 days** of this Order (payable to the Clerk of the United States District Court, Southern District of Illinois).

**IT IS SO ORDERED.**

**DATED:  August 1, 2022**

**STACI M. YANDLE**
**United States District Judge**